OPINION
{¶ 1} An assistant manager of a bowling alley sued his employer after he was viciously assaulted by one of the employees of the bowling alley. The trial court granted summary judgment for the employer because the evidence did not show that the employer had sufficient knowledge of the assailant's propensity for violence. The issue before us on appeal is whether the simple fact that an employee was arrested for assault means that the employer was substantially certain that that employee posed a danger to others in the workplace. We hold that it does not, and we therefore affirm. *Page 2 
 {¶ 2} Appellant, Gary Weimerskirch ("appellant"), worked for AMF Bowling, Inc. d/b/a Main Lanes ("AMF") as an assistant manager. David Coakley also worked at the bowling alley, as a mechanic. On the evening of June 6, 2004, appellant walked in on Coakley and his girlfriend as they were getting dressed, after the couple had apparently just finished having sexual relations. For whatever reason, Coakley told appellant that he quit, and began to collect his personal effects from the work area. Amidst taking his belongings from the workplace to his vehicle, parked behind the building, Coakley spontaneously grabbed a two-by-four, ran towards appellant, and struck him on the head with the board.
 {¶ 3} Appellant filed a lawsuit against Coakley, personally, and also against AMF, for employer intentional tort, and negligent hiring and retention. The trial court entered a default judgment as to Coakley, and referred the case to a magistrate for a damages hearing. Separately, AMF moved the trial court for summary judgment on the grounds that there was insufficient evidence showing that they knew Coakley posed a threat. The trial court agreed, and granted the employer's motion on July 21, 2006.
 {¶ 4} Appellant originally filed this appeal on August 18, 2006, after the trial court granted AMF's motion for summary judgment, but before the damages hearing as to defendant Coakley. Franklin App. No. 06AP-838 (dismissed Oct. 5, 2006). We dismissed the appeal for lack of a final appealable order. See, e.g., Lantsberry v. Tilley Lamp Co. (1971),27 Ohio St.2d 303, 306, 272 N.E.2d 127 (holding that the concept of only reviewing "final orders" is based on the rationale that the court making an order that is not final is retaining jurisdiction for some further proceedings); see, also, R.C. 2505.02 *Page 3 
(1998) (providing statutory definitions of "special proceedings," which are to be considered final appealable orders).
 {¶ 5} Following the damages hearing, the trial court entered judgment against David Coakley for $539,537.22 on November 29, 2006. Appellant filed a new notice of appeal, raising a single assignment of error pertaining, again, to the trial court's grant of summary judgment in favor of the employer. The following is the actual assignment of error raised by appellant's counsel:
 THE TRIAL COURT ERRED IN GRANTING THE APPELLEE'S MOTION FOR SUMMARY [JUDGMENT] BECAUSE GENUINE ISSUES OF MATERIAL FACT EXISTED AS TO WHETHER THE APPELLEE, AMF BOWLING HAD KNOWLEDGE AS THE EMPLOYER OF THE EXISTENCE OF A DANGEROUS PROCESS, PROCEDURE, INSTRUMENTALITY OR CONDITION WITHIN ITS BUSINESS OPERATION; (2) KNOWLEDGE BY THE EMPLOYER THAT IF THE EMPLOYEE IS SUBJECTED BY HIS EMPLOYMENT TO SUCH DANGEROUS PROCESS, PROCEDURE, INSTRUMENTALITY OR CONDITION, THEN HARM TO THE EMPLOYEE WILL BE A SUBSTANTIAL CERTAINTY; AND (3) THAT THE EMPLOYER, UNDER SUCH CIRCUMSTANCES, AND WITH SUCH KNOWLEDGE, DID ACT TO REQUIRE THE EMPLOYEE TO CONTINUE TO PERFORM THE DANGEROUS TASK.
 {¶ 6} We review the appropriateness of granting a motion for summary judgment de novo. Boroff v. Meijer Stores Ltd. Partnership, Franklin App. No. 06AP-1150, 2007-Ohio-1495, at ¶ 7; Smiddy v. The Wedding Party,Inc. (1987), 30 Ohio St.3d 35, 506 N.E.2d 212. Under Civ.R. 56(C), summary judgment is appropriate when, construing the evidence most strongly in favor of the nonmoving party: (1) no genuine issue of material fact exists; (2) the moving party is entitled to judgment as a matter of law; and (3) reasonable minds can come to but one conclusion — that conclusion being adverse to the *Page 4 
nonmoving party. Boroff, at ¶ 6 (citing Zivich v. Mentor Soccer Club,Inc., 82 Ohio St.3d 367, 369-370, 1998-Ohio-389, 696 N.E.2d 201).
 {¶ 7} Although employers are sometimes vicariously liable for their employees' torts based on the doctrine of respondeat superior ("let the master answer"), this only applies to torts committed within the scope of employment. See, generally, Byrd v. Faber (1991), 57 Ohio St.3d 56,58, 565 N.E.2d 584. For example, a pizzeria may be liable for the negligence of its delivery driver who causes a car accident while rushing to deliver a pizza. Intentional torts, however, are rarely within the scope of employment. See id. at 59. For example, if the pizza delivery driver punches a customer for giving him a lousy tip — this is outside of the driver's customary job duties; therefore, in most cases, the pizzeria will not be liable. Despite the fact that employers are usually not vicariously liable for their employees' intentional torts, they may be directly liable.
 {¶ 8} In Ohio, an employer will only be liable for a claim of employer intentional tort if the employee proves: (1) the employer's knowledge of the existence of a dangerous condition (in this case, employee); (2) the employer's knowledge that if the employee is subjected to this dangerous condition, the employee is substantially certain to be harmed; and (3) that the employer knowingly required the employee to continue to perform in a manner subjecting them to the dangerous condition. See Gibson v.Drainage Products, Inc., 95 Ohio St.3d 171, 2002-Ohio-2008,766 N.E.2d 982; Hannah v. Dayton Power Light Co., 82 Ohio St.3d 482, 484,1998-Ohio-408, 696 N.E.2d 1044; see, also, Bosse v. RareHospitality, Hamilton App. No. C-010760, 2002-Ohio-3804, at ¶ 5. It is the "substantially certain" requirement that is most often at issue. In R.C. 2745.01, also dealing with employer tort liability, the General Assembly defines substantially certain as *Page 5 
"deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death." It is not enough to show that the employer was merely negligent, or even reckless. See Hannah; Bosse, ibid. Indeed, this is a high standard, but the rationale is sound: Individuals are held responsible for their own actions; or sometimes, for actions over which they had significant control.
 {¶ 9} Here, appellant failed to present any probative evidence to support a finding that AMF was substantially certain that Coakley would act as he did on the evening of June 6, 2004. Appellant makes much ado about Coakley's criminal record, but does not show that AMF's management had any knowledge of Coakley's past activities. Furthermore, as appellees pointed out, Coakley's criminal record includes one misdemeanor assault arrest, but is predominantly drug and alcohol related, which does not necessarily mean that he had a general propensity for violence. AMF's general manager, James Shaw, admits that he did not conduct a criminal background check on Coakley before hiring him, but because Coakley's record lacks evidence that he is generally a violent individual, the fact that Shaw failed to perform a background check is immaterial and harmless. Shaw also stated in his deposition that he followed the normal hiring procedures when interviewing and selecting Coakley for the job. (James Shaw Depo., April 27, 2006, 13-16.)
 {¶ 10} Even though Coakley was arrested, one time, for assault, it was undisputed that, before June 6, 2004, he had never acted violently at work. Appellant argues, however, that an AMF employee posted bail for Coakley when he was arrested for assault, and that this effectively put AMF's management on notice of Coakley's dangerous propensity. This argument is not persuasive for two reasons: First, the AMF *Page 6 
employee who posted Coakley's bail did so "off the clock," and presumably out of his own personal funds. The employer did not sanction, enable, or sponsor the posting of Coakley's bail. Secondly, the employee who posted Coakley's bail, Bill Harmon, was only a shift supervisor at the bowling alley. (See Shaw Depo., at 20.) Knowledge of a dangerous condition or risk can only be imputed to an employer through senior management. See Witzgall v. Fenton Rigging Co. (June 29, 1988), Hamilton App. No. C-870365. Shaw stated that he knew nothing about Coakley's arrest. (Shaw Depo., at 18-19.)
 {¶ 11} Based on these facts, even drawing all reasonable inferences in favor of appellant, there was no demonstration in the trial court that Shaw knew Coakley was a threat. This corresponds with the trial court's finding. "Plaintiff has not provided sufficient evidence to create an issue of material fact that Defendant AMF had knowledge to a degree of substantial certainty that they were subjecting Plaintiff to a violent employee." (July 27, 2006 Decision, at 3.)
 {¶ 12} In granting summary judgment for AMF, the trial court only referred to appellant's employer's intentional tort claim — the court made no mention of the other claims for relief alleged in the complaint, namely negligent hiring/retention/training/supervision. (See complaint, at ¶ 37-38.) We cannot have jurisdiction over this appeal unless the order appealed from is a final appealable order within the meaning of R.C. 2505.03(A). See Lantsberry, at 306 ("A final order * * * is one disposing of the whole case or some separate and distinct branch thereof."); see, also, Section 3(B)(2), Article IV, Ohio Constitution. *Page 7 
 {¶ 13} The elements of negligent hiring are different from those of employer intentional tort. See Peterson v. Buckeye Steel Casings (1999),133 Ohio App.3d 715, 729, 729 N.E.2d 813. The common law claim of negligent hiring/retention requires that appellant establish the following elements: (1) existence of an employment relationship; (2) employee's incompetence; (3) employer's actual or constructive knowledge of the alleged incompetence; (4) employer's act or omission causing plaintiff's injuries; and (5) employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries. Id. (citing Evans v. Ohio State Univ. [1996], 112 Ohio App.3d 724, 739,680 N.E.2d 161, 170-171).
 {¶ 14} Appellee AMF argues in its brief that the negligent hiring claim is barred as a matter of law, under Blankenship v. CincinnatiMilacron Chemicals, Inc. (1982), 69 Ohio St.2d 608, 614, 433 N.E.2d 572. (See appellee's brief, at 3.) In Blankenship, the Supreme Court of Ohio held that the Ohio Constitution and workers' compensation statutes do not deprive employees of the right to sue their employers for intentional torts. Id. at syllabus. Later, in the opinion, the court states that the workers' compensation system is designed to shield employers from lawsuits for ordinary negligence. "The [Workers' Compensation] Act operates as a balance of mutual compromise between the interests of the employer and the employee whereby employees relinquish their common law remedy and accept lower benefit levels coupled with the greater assurance of recovery and employers give up their common law defenses and are protected from unlimited liability." Id. at 614. This would weigh in favor of appellees' argument that appellant's negligent hiring claim is barred as a matter of law. *Page 8 
 {¶ 15} But two reasons suggest that this might not be the proper end of the inquiry: First, the Blankenship court's analysis also considered whether the "injury" was one that occurred within the ordinary scope of employment. See id. at 612 (citing language from the Workers' Compensation Act that "clearly limits the categories of injuries for which the employer is exempt from civil liability"). "By designating as compensable only those injuries * * * received or contracted * * * in the course of or arising out of * * * employment * * *, the General Assembly has expressly limited the scope of compensability. In so doing, the General Assembly surely did not intend to remove all remedies from the employee whose injury is not compensable under the Act." Id. Then there is Buckeye Steel, which we decided roughly 17 years afterBlankenship, and which clearly recognizes a claim for negligent hiring under Ohio law. Id. at 729.
 {¶ 16} Appellee's counsel notes that, despite the trial court's apparent failure to dispose expressly of all the claims stated in the complaint, the motion for summary judgment did specifically address them all, and the trial court granted the motion in toto. Nothing in the trial court's decision suggests that the court intended only to grant partial summary judgment. The trial court's intention to grant the motion in toto, including as to all grounds alleged in the motion for summary judgment, is clear. We therefore find that the trial court granted summary judgment as to all claims, and therefore our jurisdiction over this appeal is proper.
 {¶ 17} For these reasons, we overrule the sole assignment of error, and affirm the judgment of the Franklin County Court of Common Pleas.
Judgment affirmed.
 McGRATH, P.J., and BROWN, J., concur. *Page 1