[Cite as *Wentling v. David Motor Coach Ltd.*, 2018-Ohio-1618.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| JEFFREY WENTLING, ETC., | : | JUDGES: |
| | : | Hon. John W. Wise, P.J. |
| Plaintiff - Appellant | : | Hon. W. Scott Gwin, J. |
| | : | Hon. Craig R. Baldwin, J. |
| -vs- | : | |
| | : | |
| DAVID MOTOR COACH LTD, ET AL., | : | Case No. 2017CA00190 |
| | : | |
| Defendants - Appellees | : | O P I N I O N |

CHARACTER OF PROCEEDING:              Appeal from the Stark County Court
                                      of Common Pleas, Case No. 2017
                                      CV 577

JUDGMENT:                             Affirmed in part; Reversed and
                                      Remanded in part

DATE OF JUDGMENT:                     April 24, 2018

APPEARANCES:

For Plaintiff-Appellant              For Defendants-Appellees

STEPHEN P. GRIFFIN                   JEFFREY JAKMIDES
Griffin Law, LLC                     325 East Main Street
4051 Whipple Ave. NW                 Alliance, Ohio 44601
Suite 201
Canton, Ohio 44718

MICHAEL J. KAHLENBERG
Kahlenberg Law, LLC
825 S. Main Street
North Canton, Ohio 44720

*Baldwin, J.*

**{¶1}** Plaintiff-appellant Jeffrey Wentling, Individually and as Administrator of the Estate of Richard S. Wentling, appeals from the September 22, 2017 Judgment Entry of the Stark County Court of Common Pleas granting summary judgment in favor of defendant-appellees.

STATEMENT OF THE FACTS AND CASE

**{¶2}** Richard S. Wentling ("the deceased") was an employee of appellee Davis Motor Coach, Ltd. Appellee David Motor Coach purchases wrecked or disabled commercial motor coach buses for the purpose of salvaging parts. Appellee Davis's President is appellee Frank. B. Bolog

**{¶3}** On December 2, 2013, at the direction of appellee Bolog, the deceased was instructed to go to the "lower lot" of appellees' facility to obtain a downpipe and muffler bearing off of a scrap bus. The deceased jacked up and crawled underneath the bus in order to obtain the requested parts. While the deceased was underneath the bus, the jack began to sink into the soil causing the bus to compress the deceased's chest and head, slowly asphyxiating him. After another employee of appellee Davis found the deceased and called for emergency assistance, the deceased was transported to an area hospital. He never regained consciousness and died four days later.

**{¶4}** Appellant, Individually and as Administrator of the deceased's estate, filed a complaint against appellee David Motor Coach, Ltd., appellee Frank. B. Bolog, appellee Fidelity US Coach, Ltd. and appellee Mechanic Realty, Ltd., which is the owner of the

property where the injury occurred.[1] The complaint alleged the following six causes of action:

**{¶5}** Count 1- Negligence (all appellees)

**{¶6}** Count 2- Employer Intentional Tort (appellees Davis, Fidelity and Bolog)

**{¶7}** Count 3- Breach of Lease (appellee Mechanic Realty)

**{¶8}** Count 4- Maintaining a Nuisance (all appellees)

**{¶9}** Count 5- Premises Liability (all appellees)

**{¶10}** Count 6- Wrongful Death (all appellees)

**{¶11}** Appellees filed an answer to the complaint on April 12, 2017. On April 19, 2017, appellees filed a Notice of Filing of Certificate of Premium Payment for Workers' Compensation Coverage. The certificate indicated that appellee Davis Motor Coach, as employer, had paid into the Ohio State Insurance Fund.

**{¶12}** Appellees, on April 19, 2017, filed A Motion for Summary Judgment, seeking summary judgment on the negligence and intentional tort claims. Appellant, on August 25, 2017, filed a brief in opposition to the Motion for Summary Judgment and a Motion for Discovery Sanctions. Appellant, in the brief in opposition, noted that appellees had "ignore[d] the nuisance claim at issue and do not address the unsafe condition of the property where the injury occurred." With respect to the Motion for Sanctions, appellant sought a "negative inference" discovery sanction for the appellees' spoliation of evidence. Appellant stated that the bus that came down on top of the deceased and the jack had both been disposed of and scrapped by appellees. Appellant argued that appellees' spoliation of evidence precluded summary judgment. On September 15, 2017, appellees

---

[1] The complaint was a refiled action.

filed a response to the brief in opposition to the Motion for Summary Judgment and a response to appellant's Motion for Discovery Sanctions. Appellees, in their response to the brief in opposition, acknowledged that "it was an oversight to not specifically address the entirety of Plaintiff's assertion that Defendant's property consists of a nuisance[.]" Appellees addressed the nuisance claim and noted, in part, that appellee Mechanic Realty, Ltd. had not been cited by a municipality for maintaining a nuisance.

{¶13}  The trial court, as memorialized in a Judgment Entry filed on September 22, 2017, granted appellees' Motion for Summary Judgment. The trial court, in its Judgment Entry, stated that "[t]his is a final appealable order and there is no just cause for delay."

{¶14}  Appellant now raises the following assignments of error on appeal:

{¶15}  I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN GRANTING SUMMARY JUDGMENT TO DEFENDANT MECHANIC REALTY, LTD. WHEN IT FAILED TO MEET ITS INITIAL BURDEN UNDER CIV.R. 56(B).

{¶16}  II. THE TRIAL COURT ERRED WHEN IT GRANTED SUMMARY JUDGMENT TO DEFENDANT MECHANIC REALTY, LTD. AND FRANK B. BOLOG ON THE BASIS OF EMPLOYER IMMUNITY WHEN NEITHER DEFENDANT EMPLOYED THE DECEDENT.

{¶17}  III. THE TRIAL COURT ABUSED ITS DISCRETION IN FAILING TO ASSESS A "NEGATIVE INFERENCE" SANCTION AGAINST DEFENDANTS FOR THEIR SPOLIATION OF EVIDENCE BECAUSE IT APPLIED THE WRONG LEGAL STANDARD TO THE MOTION.

{¶18}  IV. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT UPON PLAINTIFF'S CLAIM FOR EMPLOYER INTENTIONAL TORT BECAUSE

PLAINTIFF SHOULD HAVE RECEIVED A REBUTTABLE PRESUMPTION OF LIABILITY OF DEFENDANT DAVIS MOTOR COACH, LTD.

I

**{¶19}** Appellant, in his first assignment of error, argues that the trial court erred in granting   summary judgment in favor of appellee Mechanic Realty, Ltd. on the property claims. We agree.

**{¶20}** Civ.R. 56(C) states, in pertinent part:

Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed mostly strongly in the party's favor. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

**{¶21}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the

non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning–Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 733 N.E.2d 1186 (6th Dist. 1999).

**{¶22}** When reviewing a trial court's decision to grant summary judgment, an appellate court applies the same standard used by the trial court. *Smiddy v. The Wedding Party, Inc.*, 30 Ohio St.3d 35, 506 N.E.2d 212 (1987). This means we review the matter de novo. *Doe v. Shaffer*, 90 Ohio St.3d 388, 2000–Ohio–186, 738 N.E.2d 1243.

**{¶23}** The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrates absence of a genuine issue of fact on a material element of the non-moving party's claim. *Drescher v. Burt*, 75 Ohio St.3d 280, 1996-Ohio-107, 662 N.E.2d 264. Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Henkle v. Henkle*, 75 Ohio App.3d 732, 600 N.E.2d 791 (12th Dist. 1991).

**{¶24}** In the case sub judice, appellees, in their Motion for Summary Judgment, did not move for summary judgment on the property claims against appellee Mechanic Realty, Ltd. Appellees only argued that they were entitled to summary judgment on the

negligence and employer intentional tort claims. After appellant, in his brief in opposition, pointed out to the trial court that appellees had failed to address the property claims against appellee Mechanic Realty, Ltd. in the Motion for Summary Judgment, appellees, in their reply brief, agreed and then addressed at least some of the claims.

**{¶25}** We concur with appellant that "[b]ecause MRL [Mechanic Realty, Ltd] never set forth any law or argument to support summary judgment upon Counts 3, 4 or 5 of the Complaint, as a matter of law, MRL did not meet its initial burden under Civ.R. 56." As is stated above, appellees, in their Motion for Summary Judgment, only sought summary judgment on the negligence and intentional tort claims. Moreover, as noted by this Court in *Matrix Acquisitions, LLC v. Styler*, 5th Dist. Tuscarawas No. 2010AP040014, 2010-Ohio-5343 at paragraph 17:

> The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied.

**{¶26}** Appellees never supported their assertion in their September 15, 2017 response that they were entitled to summary judgment on the nuisance claim with any Civ.R. 56(C) evidence.

**{¶27}** In short, we find that appellee Mechanic Realty, Ltd. failed to meet its initial burden under Civ.R, 56 with respect to the property claims and that the trial court erred in granting summary judgment with respect to such claims.

**{¶28}** Appellant's first assignment of error is, therefore, sustained.

II

**{¶29}** Appellant, in his second assignment of error, contends that the trial court erred in granting summary judgment to appellees Mechanic Realty, Ltd. and Frank B. Bolog on the basis of employer immunity under R.C. 4123.74.

**{¶30}** The trial court, in the case sub judice, held that appellees were entitled to immunity under 4123.74. Such section states as follows**:**

> Employers who comply with section 4123.35 of the Revised Code shall not be liable to respond in damages at common law or by statute for any injury, or occupational disease, or bodily condition, received or contracted by any employee in the course of or arising out of his employment, or for any death resulting from such injury, occupational disease, or bodily condition occurring during the period covered by such premium so paid into the state insurance fund, or during the interval the employer is a self-insuring employer, whether or not such injury, occupational disease, bodily condition, or death is compensable under this chapter.

**{¶31}** There is no dispute that the deceased was an employee of appellee Davis Motor Coach.  Appellee Frank B. Bolog, during his deposition, testified that the deceased

was employed by appellee Davis Motor Coach. Appellees, in their brief, now contend as follows:

As described in Appellee's Statement of Facts, all of the defendants named in this action are part of a literal family of businesses. Beyond the named parties, the Bolog family operates several other entities as part of their transportation and motor coach business. Appellant has made baseless, heinous claims disparaging the Bolog family for this practice, but as a matter of practically and business sense, it is in their best interest to divide their assets and limit their liability in this way. The issue of the multiple different entities was discussed at length before the trial court, and Appellees submit that it was perhaps in part because the trial court thought it obvious, that the negligence claims were denied against Defendants Mechanic Realty Ltd. and Frank B. Bolog because of their relationship to the entity that Appellant themselves acknowledge is immune.

**{¶32}** However, in their Motion for Summary Judgment, appellees never argued that the above appellees' relationship with appellee David Motor Coach made them immune from liability under R.C. 4123.74. Appellees simply argued that appellee David Motor Coach was current with all worker's compensation premiums.

**{¶33}** Based on the foregoing, we find that the trial court erred in granting summary judgment in favor of appellees Mechanic Realty Ltd. and Frank B. Bolog on the negligence claims.

**{¶34}** Appellant's second assignment of error is, therefore, sustained.

III

{¶35} Appellant, in his third assignment of error, contends that the trial court abused its discretion in applying the wrong law in refusing to sanction appellees' spoliation of evidence.

{¶36} Appellant, on August 25, 2017, filed a Motion for Discovery Sanctions under Civ.R. 37. Appellant's motion was based on appellees' disposal/destruction of the bus that came down on top of the deceased and that jack that he had been using to get underneath the bus. Appellant, in his motion, argued that, as a result, he had been deprived of any opportunity to determine what equipment safety guards were available to the deceased and if they had been removed and asked that "a rebuttable presumption of liability should arise in Plaintiff's favor."

{¶37} As noted by the court in *Simeone v. Girard City Bd. Of Edn.*, 171 Ohio App.3d, 633, 2007 -Ohio- 1775 ,872 N.E.2d 344  (11th Dist) at paragraphs 69-70:

> We review a denial of a motion for sanctions for the spoliation of evidence under an abuse-of-discretion standard. *Cincinnati Ins. Co. v. Gen. Motors Corp.* (Oct. 28, 1994), 6th Dist. No. 94–0T–017, 1994 WL 590566, fn. 3. A motion for sanctions for spoliation of the evidence is properly filed under Civ.R. 37. The proponent must first establish that (1) the evidence is relevant, (2) the offending party's expert had an opportunity to examine the unaltered evidence, and (3) even though the offending party was put on notice of impending litigation, this evidence was intentionally or negligently destroyed or altered without providing an opportunity for inspection by the

proponent. *Cincinnati Ins. Co.* at 11, citing *Hirsch v. Gen. Motors Corp.* (1993), 266 N.J.Super. 222, 628 A.2d 1108, 1118.

If the court finds that relevant evidence was, indeed, destroyed, then the court has the power to fashion a just remedy. *American States Ins. Co. v. Tokai–Seiki  (H.K.), Ltd.* (1997), 94 Ohio Misc.2d 172, 175, 704 N.E.2d 1280.

**{¶38}** An abuse of discretion connotes more than an error of law or judgment; it implies that the court's attitude is unreasonable, arbitrary, or unconscionable. *Blakemore v. Blakemore*, 5 Ohio St.3d 217, 450 N.E.2d 1140 (1983).

**{¶39}** Appellant argues, and appellees do not dispute, that the trial court did not apply the above law in refusing the sanction appellees, but rather applied the law with respect to the tort of spoliation. The tort of spoliation was first recognized by the Supreme Court of Ohio in *Smith v. Howard Johnson Company, Inc.,* 67 Ohio St.3d 28, 29, 1993–Ohio–229, 615 N.E.2d 1037:

A cause of action exists in tort for interference with or destruction of evidence; (2a) the elements of a claim for interference with or destruction of evidence are (1) pending or probable litigation involving the plaintiff, (2) knowledge on the part of defendant that litigation exists or is probable, (3) willful destruction of evidence by defendant designed to disrupt the plaintiff's case, (4) disruption of the plaintiff's case, and (5) damages proximately caused by the defendant's acts; (2b) such a claim should be recognized between the parties to the primary action and against third parties; and (3) such a claim may be brought at the same time as the primary action.

**{¶40}** A trial court abuses its discretion where its decision is clearly erroneous, that is, the trial court misapplies the law to undisputed facts. *Alexander v. Mt. Carmel Med. Ctr.* 56 Ohio St.2d 155, 162, 383 N.E.2d 564 (1978). However, we find any abuse of discretion to be harmless. See, for example, *Zender v. Daimler/Chrysler Motors Corp.* (Nov. 2000), Cuyahoga App. No. 77814, 2000 WL 1753998.

**{¶41}** In the case sub judice, there is no evidence that appellees were on notice that litigation existed or was probable at the time of the disposal/destruction of the bus and jack. The incident in this case occurred on December 2, 2013 and the deceased died on December 6, 2013. The Occupational Health and Safety Administration (OSHA) was on the premises and conducted inspections between December 9, 2013 and January 1, 2014. Citations were issued to appellees by OSHA for safety violations on March 26, 2014. Nearly, twelve months after the accident, appellees scrapped and disposed of the bus and the jack. Appellant then initiated litigation in February of 2015.

**{¶42}** As noted by the trial court, "[d]estruction of evidence in accordance with a standard practice of destroying certain items after a fixed period, before a suit is filed, has been found not to support an inference of willful destruction." *See Nye v. CSX Transp., Inc,* 437 F.3d 556 (6th Cir. 2006). Appellee Frank B. Bolog, during his deposition, testified that he never tried to keep a bus longer than 11 months because it cost them money and that, in the ordinary course of business, he tried to get as many parts off of a bus as needed in less than 11 months and then scrapped the shell. Deposition of Frank B. Bolog at 66-67. He further testified that while, on occasion, a bus might remain on the property for 12 or 13 months due to weather or scrap yard circumstances, "most of the time it's about 11 months." Deposition of Frank Bolog at 67. Thus, there was evidence that the

bus and jack were disposed of after a fixed period in accordance with a standard practice before suit had been filed. While appellant contends that appellees had constructive notice of potential litigation before they scrapped the bus and jack, appellant conceded that there is no case law on constructive notice in such a context.

**{¶43}** Appellant's third assignment of error is, therefore, overruled.

IV

**{¶44}** Appellant, in his fourth assignment of error, maintains that the trial court erred in granting summary judgment on appellant's workplace intentional tort claim against appellee Davis Motor Coach.

**{¶45}** Prior to April 7, 2005, the courts looked to common law to determine whether an employee established his or her employer committed an intentional tort. Pursuant to *Fyffe v. Jeno's, Inc.,* 59 Ohio St.3d 115, 118, 570 N.E.2d 1108 (1991), when an employer proceeds despite knowledge that injuries are certain or substantially certain to result, "he is treated by the law as if he had in fact desired to produce the result." Under *Fyffe,* an employee could establish intent based on substantial certainty by establishing the following: (1) knowledge by the employer of the existence of a dangerous process, procedure, instrumentality or condition within its business operation; (2) knowledge by the employer that if the employee is subjected by his employment to such dangerous process, procedure, instrumentality or condition, then harm to the employee will be a substantial certainty; and (3) that the employer, under such circumstances, and with such knowledge, did act to require the employee to continue to perform the dangerous task. *Breitenbach v. Double Z Constr. Co.,* 5th Dist. Licking No. 15 CA 53, 2016-Ohio-1272, 63 N.E.3d 498, ¶ 28 citing *Fyffe.*

{¶46} On April 7, 2005, the General Assembly enacted R.C. 2745.01 to supersede the common law governing employer intentional torts. The statute provides as follows:

{¶47} (A) In an action brought against an employer by an employee * * * for damages resulting from an intentional tort committed by the employer during the course of employment, the employer shall not be liable unless the plaintiff proves that the employer committed the tortious act with the intent to injure another or with the belief that the injury was substantially certain to occur.

{¶48} (B) As used in this section, "substantially certain" means that an employer acts with deliberate intent to cause an employee to suffer an injury, a disease, a condition, or death.

{¶49} (C) Deliberate removal by an employer of an equipment safety guard or deliberate misrepresentation of a toxic or hazardous substance creates a rebuttable presumption that the removal or misrepresentation was committed with intent to injure another if an injury or an occupational disease or condition occurs as a direct result.

{¶50} The General Assembly's intent in enacting R.C. 2745.01 was to restrict recovery for employer intentional torts to situations in which the employer "acts with specific intent to cause an injury." *See Stetter v. R.J. Corman Derailment Servs., L.L.C.,* 125 Ohio St.3d 280, 2010-Ohio-1029, 927 N.E.2d 1092, ¶ 26. In other words, " * * * absent a deliberate intent to injure another, an employer is not liable for a claim alleging an employer intentional tort, and the injured employee's exclusive remedy is within the workers' compensation system.". *See Houdek v. ThyssenKrupp Materials N.A., Inc.,* 134 Ohio St.3d 491, 495, 2012-Ohio-5685, 983 N.E.2d 1253, 1257, ¶ 25. Under R.C. 2745.01(B), "substantially certain" means that an "employer acts with deliberate intent to

cause an employee to suffer an injury, a disease, a condition, or death." Acting with the belief that an injury is "substantially certain" to occur is not analogous to wanton misconduct, nor is it "enough to show that the employer was merely negligent, or even reckless." *Talik v. Fed. Marine Terminals, Inc.,* 117 Ohio St.3d 496, 2008-Ohio-937, 885 N.E.2d 204, ¶ 17; *Weimerskirch v. Coakley,* 10th Dist. Franklin No. 07AP–952, 2008-Ohio-1681, 2008 WL 928396, ¶ 8.

**{¶51}** Appellant, in his brief, argues that the trial court, in granting summary judgment in favor of appellees, "relied upon the 'lack of evidence' of the deliberate removal of a safety guard from equipment that Defendants destroyed before Plaintiff filed this litigation."[2]  Appellant further contends that had appellee Davis Motor Coach not destroyed the jack and bus, appellant "may" have been able to offer evidence establishing a rebuttable presumption of liability for workplace intentional tort. Appellant argues that he should have received a rebuttable presumption of liability of appellee Davis Motor Coach.

**{¶52}** As is discussed above, we find that the trial court did not err in denying appellant's request for a "negative inference" spoliation discovery sanction.  There is no evidence in the record that any safety guard was deliberately removed when appellees knew that litigation was pending or probable. As noted by the trial court, appellees complied with the OSHA investigation and kept the jack and bus for nearly a year after the accident. The two were disposed of in the ordinary course of business before

---

[2] Appellant, in his response before the trial court, argued, in part, that the deceased did not receive proper training. The trial court, in its September 22, 2017 Judgment Entry, found that even if the deceased had been ordered to recover a downpipe without proper training, appellant had not set forth evidence that appellees acted with deliberate intent to injure. Appellant, in his brief, does not argue that the trial court erred in so holding.

appellees had any notice of litigation being filed. We find that appellant has failed to put forth any evidence of deliberate intent to injury or removal of a safety guard.

{¶53} Based on the foregoing, we find that the trial court did not err in granting summary judgment on appellant's claim for employer intentional tort.

{¶54} Appellant's fourth assignment of error is, therefore, overruled.

{¶55} Accordingly, the judgment of the Stark County Court of Common Pleas is affirmed in part and reversed in part. This matter is remanded to the trial court for further proceedings consistent with this Opinion.

By: Baldwin, J.

John Wise, P.J. and

Gwin, J. concur.