[Cite as *Mun. Servs. Corp. v. Hall Community Dev., L.L.C.*, 2019-Ohio-3079.]

COURT OF APPEALS
TUSCARAWAS COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| MUNICIPAL SERVICES CORP. | : | JUDGES: |
| | : | |
| | : | Hon. W. Scott Gwin, P.J. |
| Plaintiff-Appellant | : | Hon. William B. Hoffman, J. |
| | : | Hon. Patricia A. Delaney, J. |
| -vs- | : | |
| | : | Case No. 2018 AP 12 0042 |
| | : | |
| HALL COMMUNITY DEVELOPMENT | : | |
| LLC | : | |
| | : | |
| | : | |
| Defendant-Appellee | : | O P I N I O N |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Tuscarawas County Court of Common Pleas, Case No. 2017 CV 05 0326 |
| | |
| JUDGMENT: | REVERSED AND REMANDED |
| | |
| DATE OF JUDGMENT ENTRY: | July 29,2019 |

APPEARANCES:

| | |
|---|---|
| For Plaintiff-Appellant: | For Defendant-Appellee: |
| MAX W. THOMAS | CRAIG G. PELINI |
| 203 Front Ave. SE | 8040 Cleveland Ave. NW, Suite 400 |
| New Philadelphia, OH 44663 | North Canton, OH 44720 |

*Delaney, J.*

{¶1}   Plaintiff-Appellant Municipal Services Corporation appeals the July 11, 2018 judgment entry of the Tuscarawas County Court of Common Pleas.

## FACTS AND PROCEDURAL HISTORY

### The Agreement

{¶2}   Tony Danzo is the CEO of Plaintiff-Appellant Municipal Services Corporation. Danzo is a rehabilitation specialist and provides housing inspection and field construction management services. Defendant-Appellee Hall Community Development, LLC, owned and operated by Rebecca and Ted Hall, writes and administers government-funded grants for community development projects, such as home repairs, housing rehabilitation, and community facility improvements. Hall Community Development contracted with Municipal Services because it needed a rehab inspector for its community development business. On November 9, 2015, Municipal Services and Hall Community Development entered into a contract for Municipal Services to provide inspection and field construction management services for Hall Community Development.

{¶3}   The November 9, 2015 Contract states in pertinent part:

* * *

Tony Danzo operating as Municipal Services Corporation agrees to provide inspection and Field Construction Management Services as a sub-contractor to Hall Community Development LLC, who is under contract to provide administration and implementation services to a number of communities and needs to subcontract for Inspection and Field Construction Management Services to meet contract obligations.

General Agreements

* * *

Also as part of providing Rehabilitation Specialist and housing inspection and field construction management services, Mr. Danzo agrees to the following:

1. To allow his Resume or Qualification Form to be included in any grant application in which Hall Community Development LLC has an interest. Correspondingly, if Mr. Danzo's resume is included as a housing rehab specialist for an RFP/RFQ request or for a grant application, then it also understood that if the grant is funded, Mr. Danzo's services will be utilized as the housing rehab specialist provided his performance is in compliance with program requirements.

* * *

Compensation

As a sub-contractor to Hall Community Development LLC, Municipal Services Corporation will regularly submit an invoice for payment, detailing the items completed for each unit and itemized by community or grantee during that invoicing period. Payment for the invoice will be 30 days after date of the invoice. The compensation for each work element is provided in the Payment Schedule also included in Attachment A.

* * *

Termination of the Agreement

Either Party has a right to terminate this agreement at any time, for any reason, give a 30-day notice of intent. Reasons for termination could include cancellation of the contract that Hall Community Development LLC had with a grantee, the grantee not being awarded grant funds for a program in which Hall Community Development LLC was procured to administer and implement, or a failure to agree on any performance issue should they arise. Hall Community Development LLC agrees to provide payment to Municipal Services Corporation for any work properly completed up to the termination of this agreement. Municipal Services Corporation also agrees to return all grant project and inspection files immediately upon contract termination. Final payment by Hall Community Development LLC will be made once files have been returned and funds have been received from the grantee for completed tasks.

{¶4} Municipal Services completed 40 projects for Hall Community Development under the terms of the Contract. Hall Development applied for and received a 2016 CHIP Grant in Toronto/Jefferson County and a 2016 New Philadelphia/Uhrichsville CHIP Program. Hall Community Development also applied for, and received, a renewal of its 2014 East Liverpool/Salem Program during 2016, which required the submission of an additional application. Hall Community Development used Danzo's credentials when it submitted the applications, as well as for the renewal application.

**The Termination**

{¶5}  Via letter dated March 20, 2017, Hall Community Development informed Municipal Services it was exercising its option to terminate the Contract. Hall Community Development did not use Municipal Services' inspection services for the projects awarded under the aforementioned grants. Hall Community Development acknowledged it stated in the grant applications, if the grants were funded, Danzo's services would be utilized as the housing rehab specialist. Hall Community Development did not advise the state of Ohio it would not be using Municipal Services for the New Philadelphia/Uhrichsville Program. It is unclear whether Hall Community Development so advised the state as to the other projects.

**The Civil Proceeding**

{¶6}  On May 10, 2017, Municipal Services filed a Complaint against Hall Community Development, asserting claims of breach of contract and fraudulent misrepresentation. Hall Community Development filed an answer and counterclaim for breach of contract. On April 27, 2018, Municipal Services filed a motion for leave to file an Amended Complaint in order to add a cause of action for unjust enrichment/quantum meruit. On the same day, Hall Community Development filed a motion for summary judgment, which addressed the breach of contract and fraudulent misrepresentation claims.

{¶7}  On July 11, 2018, the trial court granted the motion for summary judgment filed by Hall Community Development. It found there was no genuine issue of material fact that Hall Community Development did not breach the Contract when it terminated its relationship with Municipal Services. The trial court found there was an express contract

between Hall Community Development and Municipal Services, thereby barring Municipal Services' claim for unjust enrichment and quantum meruit. The plain language of the Contract's termination provision permitted Hall Community Development to terminate the Contract and Municipal Services failed to establish it had been damaged by the termination of the Contract because Hall Community Development had paid it for the work actually completed.

{¶8} The judgment entry granting summary judgment dismissed the claims of Municipal Services, but the counterclaim of Hall Community Development remained pending. On November 21, 2018, Hall Community Development filed a notice of voluntary dismissal of its counterclaim, without prejudice. The matter was dismissed via judgment entry filed November 26, 2018.

{¶9} It is from these judgments that Municipal Services now appeals.

## ASSIGNMENTS OF ERROR

{¶10} Municipal Services raises three Assignments of Error:

{¶11} "I. THE TRIAL COURT ERRED AS A MATTER OF LAW WHEN IT GRANTED SUMMARY JUDGMENT IN APPELLEE'S FAVOR ON APPELLANT'S UNJUST ENRICHMENT/QUANTUM MERUIT CLAIM ON THE GROUND THAT 'THE PARTIES' EXPRESS CONTRACT COVERS THE SAME MATTER,' BECAUSE A PARTY IS NOT BARRED FROM RECOVERING UNDER AN UNJUST ENRICHMENT/QUANTUM MERUIT CLAIM EVEN IF A RELATED CONTRACTUAL CLAIM FAILS.

{¶12} "II. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN APPELLEE'S FAVOR ON APPELLANT'S UNJUST ENRICHMENT CLAIM BECAUSE

GENUINE ISSUES OF MATERIAL FACT EXISTED AS TO WHETHER APPELLEE UNJUSTLY RETAINED BENEFITS CONFERRED BY APPELLANT.

{¶13} "III. THE TRIAL COURT ERRED IN GRANTING SUMMARY JUDGMENT IN APPELLEE'S FAVOR ON APPELLANT'S BREACH OF CONTRACT CLAIM BECAUSE GENUINE ISSUES OF MATERIAL FACT EXIST AS TO WHETHER THE HALL DEVELOPMENT'S OBLIGATION TO USE MUNICIPAL SERVICES' SERVICES FOR CERTAIN GRANTS IT OBTAINED USING MR. DANZO'S CREDENTIALS SURVIVED HALL DEVELOPMENT'S PURPORTED TERMINATION OF THE AGREEMENT; ACCORDINGLY, SINCE NO OBJECTIVE 'MEETING OF THE MINDS' SO AS TO CONSTITUTE MUTUAL ASSENT EXISTED, THE AGREEMENT WAS NOT CLEAR AND UNAMBIGUOUS ON THIS ISSUE."

**ANALYSIS**

**Standard of Review**

{¶14} The three Assignments of Error raised by Municipal Services argue the trial court erred in granting summary judgment in favor of Hall Community Development.

{¶15} We review cases involving a grant of summary judgment using a de novo standard of review. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, ¶ 24. Summary judgment is appropriately granted when " '(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' " *Esber Beverage Co. v. Labatt USA Operating*

*Co.*, 138 Ohio St.3d 71, 2013-Ohio-4544, 3 N.E.3d 1173, ¶ 9, citing *M.H. v. Cuyahoga Falls*, 134 Ohio St.3d 65, 2012-Ohio-5336, 979 N.E.2d 1261, ¶ 12, internal citation omitted; Civ.R. 56(C).

{¶16} A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 433, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning–Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 323, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist. 1999).

{¶17} The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrate absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Wentling v. David Motor Coach Ltd.*, 5th Dist. Stark No. 2017CA00190, 2018-Ohio-1618, 111 N.E.3d 610, ¶ 23, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Downtown Enterprises Co. v.*

*Mullet*, 5th Dist. Holmes No. 17CA016, 2018-Ohio-3228, ¶ 50, citing *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988).

## I. and II.

{¶18} In its amended complaint, Municipal Services raised two alternative theories of recovery: breach of contract and unjust enrichment/quantum meruit. The trial court granted summary judgment in favor of Hall Community Development on both breach of contract and unjust enrichment/quantum meruit. Municipal Services contends in its first Assignment of Error that the trial court erred when it dismissed its claim for unjust enrichment and/or quantum meruit because it found there was an express contract covering the same subject matter. In its second Assignment of Error, Municipal Services argues there are genuine issues of material fact whether Hall Community Development was unjustly enriched using Danzo's resume. We consider the Assignments of Error together and upon our de novo review, we agree the trial court erred.

## Breach of Contract

{¶19} In its judgment entry granting summary judgment in favor of Hall Community Development, the trial court first found there was an express contract governing the terms of the parties' working relationship. The plain language of the Contract stated the parties could terminate the Contract at any time, after providing a 30 day notice of intent. In this case, Hall Community Development sent a letter to Danzo on March 20, 2017, indicating it was giving him 30-day notice of its intention to terminate the Contract.

{¶20} The trial court next found reasonable minds could only conclude that Hall Community Development met its contractual obligations per the termination provision and Municipal Services did not suffer any damages from the termination. Hall Community

Development argued there was no genuine issue of material fact that Municipal Services had been paid in full for all work done during the term of the Contract. The trial court agreed that Municipal Services could not establish the damages element of the breach of contract claim.

**Unjust Enrichment/Quantum Meruit**

{¶21} In its alternative theory of recovery under unjust enrichment/quantum meruit, Municipal Services stated that Hall Community Development received the benefit of utilizing Danzo's resume in its grant applications, for which the grant applications were successfully funded. Hall Community Development then terminated the Contract before it utilized Danzo's services as the housing rehab specialist in the administration of the grant. Danzo received no compensation for Hall Community Development's use of his resume. Municipal Services argued the Contract was ambiguous as to Hall Community Development's post-termination obligation to Municipal Services.

{¶22} In its judgment entry, the trial court determined there was no genuine issue of material fact that an agreement entered between the parties set forth their obligations to each other and both parties' right to cancel the Contract at any time. The trial court next found that Municipal Service's attempt to recover under the doctrine of unjust enrichment and/or quantum meruit was not well taken because the parties' express contract covered the same subject matter. Based on those findings, the trial court found no genuine issue of material fact remained regarding Municipal Services' claims for unjust enrichment and/or quantum meruit. The trial court relied upon this Court's holding that a plaintiff may not recover under the theory of unjust enrichment or quasi-contract when an express contract covers the same subject. *Lehmkuhl v. ECR Corp.*, 5th Dist. Knox No. 06 CA 039,

2008-Ohio-6295, 2008 WL 5104747, ¶ 55 citing *Ullmann v. May* (1947) 147 Ohio St. 468, 72 N.E.2d 63, syllabus four; *City of Cincinnati v. Cincinnati Reds* (1984) 19 Ohio App.3d 227, 483 N.E.2d 1181. This is a correct statement of law; however, "[w]hile it is true that a party may not recover for the same services under both a contractual claim and a claim for quantum meruit, a party is not barred from seeking alternative theories and recovering under a quantum meruit theory if his contractual claim fails." *FedEx Corp. Services, Inc. v. Heat Surge, LLC*, 5th Dist. Stark No. 2018CA00026, 2019-Ohio-217, 2019 WL 328599, ¶ 19 citing *Building Industry Consultants, Inc. v. 3M Parkway, Inc.*, 182 Ohio App.3d 39, 2009-Ohio-1910, 911 N.E.2d 356, ¶ 17 (9th Dist.).

{¶23} In this case, the trial court dismissed Municipal Services' claim for unjust enrichment and/or quantum meruit because it found the contractual claim failed. Pursuant to our decision in *FedEx Corporate Services, Inc. v. Heat Surge, LLC, supra*, we find the trial court erred in dismissing Municipal Services' claim for unjust enrichment/quantum meruit without considering the merits of the argument. Municipal Services' first Assignment of Error is sustained.

{¶24} We next consider the second Assignment of Error of Municipal Services that genuine issues of material fact exist as to each element of unjust enrichment and/or quantum meruit. We agree.

{¶25} To establish an unjust enrichment claim, the plaintiff must demonstrate: (1) a benefit conferred by a plaintiff upon a defendant; (2) knowledge by the defendant of the benefit; and (3) retention of the benefit by the defendant under circumstances where it would be unjust to do so without payment. *Robinette v. PNC Bank*, 5th Dist. Licking No. 15-CA-47, 2016-Ohio-767, 2016 WL 771319, ¶ 23 citing *Hambleton v. R.G. Barry Corp.*,

12 Ohio St.3d 179, 183, 465 N.E.2d 1298 (1984). Under Ohio law, unjust enrichment is a claim under quasi-contract law that arises out of the obligation cast by law upon a person in receipt of benefits that he is not justly entitled to retain. *FedEx Corp. Services, Inc. v. Heat Surge, LLC*, 5th Dist. Stark No. 2018CA00026, 2019-Ohio-217, ¶ 1 citing *Beatley v. Beatley*, 160 Ohio App.3d 600, 2005-Ohio-1846, 828 N.E.2d 180. Unjust enrichment entitles a party only to restitution of the reasonable value of the benefit conferred. *St. Vincent Med. Ctr. v. Sader,* 100 Ohio App.3d 379, 384, 654 N.E.2d 144 (6th Dist.1995).

{¶26} The Civ.R. 56 evidence, provided by the depositions of Rebecca Hall, Ted Hall, and Danzo, demonstrates there are genuine issues of material fact whether Municipal Services, through the use of Danzo's resume, conferred a benefit upon Hall Community Development for which Hall Community Development unjustly retained. Hall Community Development contracted with Municipal Services because it required the services of a rehab inspector. The Contract stated that Danzo agreed to allow his resume to be included in any grant application in which Hall Community Development had an interest. If his resume was included as a rehab specialist on a grant application and the grant was funded, Danzo's services would be utilized as the housing rehab specialist.

{¶27} Hall Development applied for and received a 2016 CHIP Grant in Toronto/Jefferson County and a 2016 New Philadelphia/Uhrichsville CHIP Program. Hall Community Development also applied for, and received, a renewal of its 2014 East Liverpool/Salem Program during 2016, which required the submission of an additional application. Hall Community Development used Danzo's resume when it submitted the applications, as well as for the renewal application. The grants were awarded prior to Hall Community Development's cancellation of the Contract by letter on March 20, 2017. The

grants totaled approximately $2.15 million and Municipal Services was due to receive approximately $153,275.

{¶28} After the Contract was terminated, Hall Community Development applied for a community development grant in 2017. The grant application did not list Danzo as the inspector on the application. Based on a scoring system, the grant was not funded. Rebecca Hall testified in her deposition the state removed 1.5 points for not having an inspector with CHIP experience.

{¶29} Upon our de novo review, we find the Civ.R. 56 evidence, reviewed in a light most favorable to the nonmoving party, demonstrates reasonable minds could come to different conclusions as to whether Hall Community Development was unjustly enriched by the use of Danzo's resume on its grant applications. Hall Community Development appeared to benefit from the use of Danzo's resume on its grant applications, while the Contract was terminated before he would be compensated for the use of his resume and rehab services as to those funded grants. Municipal Services' second Assignment of Error is sustained.

**III.**

{¶30} Municipal Services contends in its third Assignment of Error that the trial court erred when it found there was no genuine issue of material fact that Hall Community Development did not breach the Contract when it terminated its relationship with Municipal Services.

{¶31} On appeal, Municipal Services does not dispute the validity of the Contract's termination clause. Municipal Services argues in its breach of contract claim that Hall Community Development failed to utilize its services for the funded grants. Per the terms

of the Contract, Hall Community Development utilized Danzo's resume in its grant applications, but in contravention of the Contract, it did not utilize Danzo's services as the housing rehab specialist for the funded grants. The Contract did not include a provision addressing what would happen to Hall Community Development's obligation to Municipal Services if it used Danzo's resume to obtain a grant but terminated the Contract. Municipal Services contends the lack of a post-termination provision shows there was no meeting of the minds when the parties contracted, and therefore, the Contract is not valid and the proper remedy is quantum meruit.

{¶32} Upon review of the appellate argument of Municipal Services, we find that its argument sounds not in breach of contract, but in unjust enrichment/quantum meruit. We held in the first and second Assignments of Error that Municipal Services' alternative theory of recovery for unjust enrichment/quantum meruit is a viable claim. We therefore find no error for the trial court to grant summary judgment on the claim of breach of contract but reverse and remand the matter for the trial court to consider Municipal Services' claim of unjust enrichment/quantum meruit.

{¶33} The third Assignment of Error of Municipal Services is overruled.

**CONCLUSION**

{¶34} The first and second Assignments of Error of Municipal Services are sustained. The third Assignment of Error is overruled.

{¶35} The judgment of the Tuscarawas County Court of Common Pleas is reversed and remanded for further proceedings consistent with this Opinion and law.

By: Delaney, J.,

Gwin, P.J. and

Hoffman, J., concur.