[Cite as *Esber Beverage Co. v. Labatt USA Operating Co., L.L.C.,* 138 Ohio St.3d 71, 2013-Ohio-4544.]

ESBER BEVERAGE COMPANY, APPELLANT, v. LABATT USA OPERATING

COMPANY, L.L.C., ET AL., APPELLEES.

[Cite as *Esber Beverage Co. v. Labatt USA Operating Co., L.L.C.,*

138 Ohio St.3d 71, 2013-Ohio-4544.]

*Ohio Alcoholic Beverages Franchise Act—R.C. 1333.85(D)—Successor manufacturer may terminate distributor's franchise by giving the distributor notice of termination within 90 days of successor's acquisition of product or brand.*

(No. 2012-0941—Submitted May 8, 2013—Decided October 17, 2013.)

APPEAL from the Court of Appeals for Stark County, Nos. 2011CA00113 and

2011CA00116, 2012-Ohio-1183.

_____

**O'NEILL, J.**

**Overview**

{¶ 1}   This case deals with the rights of manufacturers and distributors of alcoholic beverages under the Ohio Alcoholic Beverages Franchise Act, R.C. 1333.82 et seq., when a manufacturer sells all of its rights relating to a particular brand of alcoholic beverage to a successor manufacturer. Under R.C. 1333.85(D), when there is a transfer of ownership, the successor manufacturer may terminate any distributor's franchise without just cause by giving the distributor notice of termination within 90 days of the acquisition of the particular product or brand. Such notice of termination triggers an evaluation of the franchise value, for which the successor manufacturer must compensate the terminated franchisee. *Id.* We hold that R.C. 1333.85(D) is clear and unambiguous and permits successor manufacturers to assemble their own team of distributors so long as the successor

manufacturers provide timely notice and compensate those distributors who are not being retained.

**Facts and Procedural History**

{¶ 2}  Appellant, Esber Beverage Company ("Esber"), is one of the oldest family-owned, continuously operated beverage wholesalers in Ohio and the United States.  It was founded in 1937 by Dave and Helen Esber and is currently operated by second- and third-generation Esber family members.  Appellee InBev entered into a written franchise agreement with Esber on November 30, 2007. The franchise agreement provided that Esber was to be the exclusive distributor of Labatt brand products in a ten-county area of Ohio for an indefinite period.

{¶ 3}  On July 13, 2008, InBev N.V./S.A., InBev's parent corporation, entered into an agreement to acquire Anheuser-Busch Companies, a merger that would create the largest brewing company in the world.  *United States v. InBev N.V./S.A.,* D.D.C. No. 08-cv-1965 (Aug. 11, 2009) (memorandum order) available at http://www.justice.gov/atr/cases/f248900/248957.pdf (accessed July 23, 2013). This purchase agreement caused the United States Department of Justice to file an antitrust complaint against InBev N.V./S.A.  On the same day that it filed that complaint, November 14, 2008, the Department of Justice also filed a proposed final judgment under which InBev N.V./S.A. would divest itself of all assets relating to the sale of Labatt brand products in the United States, including the right to sell Labatt brand products.  *See* Proposed Final Judgment filed November 14, 2008, in *InBev N.V./S.A.*, D.D.C. No. 08-cv-1965, available at http://www.justice.gov/atr/cases/f239400/239448.pdf (accessed July 23, 2013).

{¶ 4}  In accordance with the proposed final judgment, InBev N.V./S.A. sold the Labatt brands to appellee KPS Capital Partners, L.P., a private equity firm, which formed appellee Labatt USA Operating Company, L.L.C. ("Labatt Operating") to acquire the assets.  On March 13, 2009, Labatt Operating acquired the exclusive right to sell Labatt brand products in the United States.

{¶ 5} As the successor manufacturer to InBev, Labatt Operating invited the Labatt distributors in Ohio to make a presentation as to why they should be chosen to distribute the Labatt brand products for various regions in Ohio. Esber made such a presentation and requested both to continue distributing products in its existing territory and to expand its distribution territory to additional counties. But in a letter dated May 15, 2009, Labatt Operating notified Esber that it intended to terminate Esber's franchise to distribute Labatt brand products. The letter stated that the notification was made "within the 90 day period of the acquisition, pursuant to [R.C.] 1333.85(D)" and that Labatt Operating intended to compensate Esber fully as required by R.C. 1333.85(D) and 1333.851.

{¶ 6} Following receipt of the termination letter, Esber filed a complaint in the Stark County Court of Common Pleas. The trial court granted a preliminary injunction ordering Labatt Operating to continue to distribute its Labatt products through Esber, and it later granted partial summary judgment in Esber's favor. The trial court held that the franchise-termination rules of R.C. 1333.85(D) apply to a successor manufacturer only when no written franchise agreement existed between the distributor and the former manufacturer. The trial court found that Labatt Operating had assumed InBev's written franchise agreement with Esber when Labatt Operating acquired the Labatt brands, and it held that the statutory franchise-termination provision therefore did not apply.

{¶ 7} The Fifth District Court of Appeals reversed the summary-judgment decision, holding that R.C. 1333.85(D) does give a successor manufacturer the right to terminate a franchise agreement within 90 days of acquiring the brand and that the statute does not differentiate between successors to manufacturers that had written franchise agreements and successors to manufacturers that had franchise agreements that had arisen by operation of law. Therefore, following a de novo review, the court of appeals ruled that Labatt Operating was permitted by R.C. 1333.85(D) to terminate the franchise agreement

as a matter of law and that the trial court should have granted summary judgment in favor of Labatt Operating.

**{¶ 8}** In a single proposition of law before this court, Esber asserts: "The Ohio Alcoholic Beverages Franchise Act does not permit a successor manufacturer to terminate a distributor without cause when the successor manufacturer has itself entered into or assumed a written contract with the distributor."

**{¶ 9}** We review cases involving a grant of summary judgment using a de novo standard of review. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, at ¶ 24. Summary judgment is appropriately granted when " '(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' " *M.H. v. Cuyahoga Falls*, 134 Ohio St.3d 65, 2012-Ohio-5336, 979 N.E.2d 1261, at ¶ 12, quoting *Temple v. Wean United, Inc.*, 50 Ohio St.2d 317, 327, 364 N.E.2d 267 (1977), citing Civ.R. 56(C).

**Analysis**

**{¶ 10}** In Ohio, an alcoholic-beverage-distribution franchise is a creature of statute. The Ohio Alcoholic Beverages Franchise Act was enacted by the General Assembly in 1974. Am.Sub.H.B. No. 857, 135 Ohio Laws, Part II, 913. The purpose of the act was "to eliminate unfair practices by beer and wine manufacturers in their dealings with distributors." Legislative Service Commission Bill Analysis, Am.Sub.H.B. No. 857 (1974). The General Assembly included language in the act specifying that all contractual provisions that waive or fail to comply with the act are void. R.C. 1333.83.

{¶ 11} Pursuant to the act, every manufacturer of alcoholic beverages must offer its distributors a written franchise agreement specifying the rights and duties of each party. *Id.* If the parties do not enter into a written franchise agreement, a franchise relationship will arise as a matter of law when a distributor distributes products for 90 days or more. *Id.*

{¶ 12} The act also specifies the prerequisites for canceling or terminating a franchise. R.C. 1333.85. The general rule is that prior consent of the other party and 60 days' notice is required in order to cancel a franchise. *Id.* The act also specifies situations that constitute just cause for cancellation and situations that do not. *Id.* When just cause exists, consent and notice are not required. *Id.* Regardless of whether the franchise is canceled with the prior consent of the distributor or whether the manufacturer can show just cause for canceling the franchise relationship, the manufacturer is always required to repurchase all of the terminated distributor's unsold inventory and sales aids. *Id.* Most relevant to this dispute, however, is the fact that the act also establishes a specific procedure for terminating a franchise when the manufacturer sells a particular brand or product of alcoholic beverage to a successor manufacturer.

{¶ 13} Specifically, R.C. 1333.85(D) provides that if a successor manufacturer acquires all or substantially all of the stock or assets of another manufacturer, the successor manufacturer may give written notice of termination, nonrenewal, or renewal of the franchise to a distributor of the acquired product or brand. Any notice of termination or nonrenewal of the franchise to a distributor of the acquired product or brand shall be received at the distributor's principal place of business within 90 days of the date of the acquisition. If notice is not received within this 90-day period, a franchise relationship is established between the parties. And if the successor manufacturer complies with the provisions of the statute, neither just cause nor consent of the distributor is required for termination or nonrenewal. On termination of a franchise, the successor manufacturer must

repurchase the distributor's inventory and must compensate the distributor for the diminished value of the distributor's business that is directly related to the sale of the product terminated by the successor manufacturer, including the appraised market value of the distributor's assets devoted to the sale of the terminated product and the goodwill associated with that product.

{¶ 14} Despite these protections, Esber asserts that the Ohio Alcoholic Beverage Franchise Act does not permit a successor manufacturer to terminate a distributor's franchise without just cause within the 90-day period when the successor manufacturer has itself entered into or assumed a written contract with the distributor. We disagree. "When a statute's language is clear and unambiguous, a court must apply it as written." *Estate of Johnson v. Randall Smith, Inc.,* 135 Ohio St.3d 440, 2013-Ohio-1507, 989 N.E.2d 35, at ¶ 16, citing *Zumwalde v. Madeira & Indian Hill Joint Fire Dist.,* 128 Ohio St.3d 492, 2011-Ohio-1603, 946 N.E.2d 748, ¶ 23-24. The plain language of the statute allows the successor manufacturer to terminate a franchise. The definition of "franchise" includes both written franchise agreements and franchise agreements that have arisen by operation of law. R.C. 1333.82(D). Allowing a successor manufacturer to terminate a written franchise agreement without cause is clearly permitted under R.C. 1333.85(D), as long as the successor manufacturer provides written notice of the termination to the distributor within 90 days of the sale, merger, or acquisition, and as long as compensation for the lost value of the franchise is provided. Moreover, pursuant to statute, the parties are unable to restrict this right of termination by contract—under R.C. 1333.83, "[a]ny provision of a franchise agreement that waives any of the prohibitions of, or fails to comply with, sections 1333.82 to 1333.87 of the Revised Code is void and unenforceable."

{¶ 15} In this case, in order to resolve an antitrust case against it, InBev sold the right to sell Labatt brand products in the United States to Labatt Operating. The closing date of the sale was March 13, 2009, and the purchase

agreement expressly included all wholesale distributor contracts. It is not disputed that Labatt Operating is a successor manufacturer of InBev. Thus, Labatt Operating was in compliance with the statute when it gave notice to Esber that it would be terminating Esber's franchise as a distributor of the Labatt brand products. Labatt Operating also informed Esber of its intent to compensate Esber in accordance with its statutory duty under R.C. 1333.85(D).

{¶ 16} Labatt Operating is a successor manufacturer that gave notice of its intention to terminate to Esber within 90 days of its purchase of the Labatt brands from InBev. Labatt Operating is required to compensate Esber in accordance with R.C. 1333.85(D), and it is not disputed that it accepted that responsibility in its notice of termination. Nothing more is required under the statute.

{¶ 17} Therefore, we conclude that Labatt's termination of Esber's franchise met the statutory requirements of the Ohio Alcoholic Beverages Franchise Act. Esber is entitled to compensation as specified under R.C. 1333.85(D). Accordingly, we affirm the Fifth District Court of Appeals' judgment holding that it was error for the trial court to grant summary judgment to Esber. The Fifth District found that summary judgment should have been granted to Labatt Operating as a matter of law. We agree. R.C. 1333.85(D) is clear and unambiguous on its face, and Labatt Operating followed its requirements for the termination of a franchise. This matter is remanded to the trial court for further proceedings consistent with this opinion.

Judgment affirmed.

O'CONNOR, C.J., and LANZINGER, KENNEDY, and FRENCH, JJ., concur.

O'DONNELL, J., concurs in judgment only.

PFEIFER, J., dissents without opinion.

_____

Taft, Stettinius & Hollister, L.L.P., Charles R. Saxbe, and Stephen C. Fitch; Roetzel & Andress, L.P.A., and Stephen W. Funk; Tzangas, Plakas,

Mannos & Raies, Ltd., Lee Plakas, and Gary Corroto; and Stanley R. Rubin, for appellant.

Frantz Ward, L.L.P., James B. Niehaus, and Olivia L. Southam; and Milligan Pusateri Co., L.P.A., and Paul J. Pusateri, for appellees Labatt USA Operating Company, L.L.C., KPS Capital Partners, L.P., North American Breweries, Inc., and Doug Tomlin.

James L. Messenger, Richard J. Thomas, and Jerry R. Krzys, for appellee Superior Beverage Group, Ltd.

Krugliak, Wilkins, Griffiths & Dougherty Co. and John P. Maxwell, urging reversal for amicus curiae Tramonte Distributing Company.

Squire Sanders, L.L.P., David W. Alexander, and Emily E. Root, urging reversal for amicus curiae Beverage Distributors, Inc.

Lancione, Lloyd & Hoffman and Tracey Lancione Lloyd, urging reversal for amicus curiae Muxie Distributing Co., Inc.

_____