[Cite as *Ditech Financial, L.L.C. v. Akers*, 2018-Ohio-2874.]

# IN THE COURT OF APPEALS OF OHIO
## THIRD APPELLATE DISTRICT
## UNION COUNTY

DITECH FINANCIAL, LLC,

    PLAINTIFF-APPELLEE,                CASE NO. 14-18-02

    v.

KEITH AKERS, ET AL.,

    DEFENDANTS-APPELLEES,
    -and-                          O P I N I O N

TERESA AKERS,

    DEFENDANT-APPELLANT.

---

**Appeal from Union County Common Pleas Court**
**Trial Court No. 2016-CV-0150**

**Judgment Affirmed**

**Date of Decision: July 23, 2018**

---

APPEARANCES:

    *Bruce M. Broyles* **for Appellant**

    *Ashley Mueller* **and** *Laura C. Infante* **for Appellee,**
    **Ditech Financial, LLC.**

**WILLAMOWSKI, P.J.**

{¶1} Although originally placed on our accelerated calendar, we have elected pursuant to Loc.R. 12(5) to issue a full opinion in lieu of a summary judgment entry.

{¶2} Defendant-appellant Teresa Akers ("Teresa") appeals the judgment of the Union County Court of Common Pleas for granting Ditech Financial L.L.C.'s ("Ditech") motion for summary judgment. For the reasons set forth below, the judgment of the trial court is affirmed.

*Facts and Procedural History*

{¶3} Ditech filed a complaint in foreclosure on June 21, 2016, that named Keith Akers ("Keith")[1] and Teresa Akers (collectively "the Akers") as defendants. Doc. 2. The complaint alleged that the Akers had defaulted on a note that was secured by real property. Doc. 2. On August 19, 2016, the Akers filed an answer that listed several assertions as affirmative defenses. One of the affirmative defenses that the Akers listed was the claim that Ditech had not complied with the requirements of 12 C.F.R. 1024, Subpart C, § 1024.41 ("12 C.F.R. § 1024.41"), which governs certain loss mitigation procedures. Doc. 29. 12 C.F.R. § 1024.41.

{¶4} On February 6, 2017, Ditech filed a motion for summary judgment, alleging that 12 C.F.R. § 1024.41 did not apply. In this motion, Ditech alleged that the Akers had not triggered the protections of this provision because they had not

---

[1] Keith died on April 5, 2017, and was subsequently dismissed as a party to this suit. Doc. 62.

submitted a complete loan modification application. Doc. 51. On April 5, 2017, the Akers' attorney filed a motion that requested an extension of time to submit a response to Ditech's motion for summary judgment. Doc. 59. This motion was submitted with a proposed memorandum ("proposed memorandum") attached but did not include any references to facts in the record or additional evidentiary materials. Doc. 59.

**{¶5}** In this proposed memorandum, the Akers suggested what arguments the trial court could anticipate in a future response to Ditech's motion for summary judgment if the extension the Akers requested was granted. Doc. 59. On April 10, 2017, the trial court issued a stay order that removed this case from the active docket for thirty days,[2] but the Akers never submitted a response to Ditech's motion for summary judgment. Doc. 61. On January 4, 2018, the trial court granted Ditech's motion for summary judgment and entered a decree of foreclosure. Doc. 75.

*Assignment of Error*

**{¶6}** Teresa filed notice of appeal on February 1, 2018. Doc. 81. On appeal, appellant raises the following assignment of error:

> **The trial court erred in granting judgment when there were genuine issues of material fact that remained in dispute regarding whether the Bank complied with conditions precedent after Appellant had put the Bank's compliance with 12 CFR 1024 Subpart C, § 1024.41 at issue.**

---

[2] The trial court issued this stay order after being notified of the death of Keith Akers.

Specifically, Teresa argues on appeal that 12 C.F.R. § 1024.41 is a condition precedent to foreclosure and that Ditech has not demonstrated compliance with this provision. She asserts that she put the satisfaction of this condition precedent at issue in this case, making the grant of summary judgment inappropriate.

*Legal Standard*

**{¶7}** Appellate courts consider a summary judgment order under a de novo standard of review. *Eber Beverage Co. v. Labatt USA Operating Co., L.L.C.*, 138 Ohio St.3d 71, 2013-Ohio-4544, 3 N.E.3d 1173, ¶ 9. "[B]ecause summary judgment is a procedural device to terminate litigation, it must be awarded with caution." *Murphy v. Reynoldsburg*, 65 Ohio St.3d 356, 358-359, 604 N.E.2d 138 (1992). On review, "[t]he nonmoving party * * * receives the benefit of all favorable inferences when evidence is reviewed for the existence of genuine issues of material facts." *Byrd v. Smith*, 110 Ohio St.3d 24, 2006-Ohio-3455, 850 N.E.2d 47, ¶ 10.

**{¶8}** Ohio Rule of Civil Procedure 56(C) reads, in its relevant part, as follows:

> **[s]ummary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue of material fact and that the moving party is entitled to judgment as a matter of law * * *.**

Civ.R. 56(C). Thus, the party moving for summary judgment "bears the initial burden of informing the trial court of the basis for the motion, and identifying those

portions of the record that demonstrate the absence of a genuine issue of material fact * * *." *Vahila v. Hall*, 77 Ohio St.3d 421, 429, 674 N.E.2d 1164 (1997), quoting *Dresher v. Burt*, 75 Ohio St.3d 280, 295, 662 N.E.2d 264, 275 (1996). If the nonmoving party has raised affirmative defenses in their pleadings, the "moving party does not need to offer evidence on every defense raised by the nonmoving party." *Todd Dev. Co., Inc. v. Morgan*, 116 Ohio St.3d 461, 2008-Ohio-87, 880 N.E.2d 88, ¶ 21. The moving party does not, under Civ.R. 56(C), have "the burden to prove its case *and disprove* the opposing party's case as well." (Emphasis sic.) *Id*. at ¶ 13. "If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied." *Id*.

{¶9} If the moving party carries this initial burden, the nonmoving party, in order to defeat the motion for summary judgment, must comply with the requirements of Ohio Rule of Civil Procedure 56(E), which reads, in its relevant part, as follows:

> **When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the party's pleadings, but the party's response, by affidavit or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. *If the party does not so respond, summary judgment, if appropriate, shall be entered against the party*.**

(Emphasis added.) Civ.R. 56(E). Thus, the nonmoving party has the burden of demonstrating a genuine issue of material fact exists for trial. *Middleton v. Holbrook*, 3d Dist. Marion No. 9-15-47, 2016-Ohio-3387, ¶ 8, quoting *Reinbolt v.*

Case No. 14-18-02

*Gloor*, 146 Ohio App.3d 661, 664, 767 N.E.2d 1197 (3d Dist.2001). The nonmoving party cannot satisfy this burden by merely relying on the assertion of an affirmative defense listed in the pleadings. Civ.R. 56(E).

{¶10} "Affirmative defenses and condition[s] precedent[] each carry a different burden for pleading and summary judgment purposes." *Huntington Natl. Bank v. Filippi*, 3d Dist. Union No. 14-15-03, 2015-Ohio-3096, ¶ 11. Ohio Civil Rule of Procedure 9(C) governs pleadings in regards to conditions precedent and reads as follows:

> **(C) Conditions Precedent. In pleading the performance or occurrence of conditions precedent, it is sufficient to aver generally that all conditions precedent have been performed or have occurred. A denial of performance or occurrence shall be made specifically and with particularity.**

Civ.R. 9(C). *See Filippi* at ¶ 12, citing *PNC Mtge. v. Garland*, 7th Dist. Mahoning No. 12 MA 222, 2014-Ohio-1173, ¶ 23.

{¶11} The Consumer Financial Protection Bureau issued 12 C.F.R. § 1024.41 pursuant to the Real Estate Settlement Procedures Act. 12 C.F.R. § 1024.1. This provision reads, in its relevant parts, as follows:

> **(a) Enforcement and limitations. A borrower may enforce the provisions of this section pursuant to section 6(f) of RESPA (12 U.S.C. 2605(f)). Nothing in § 1024.41 imposes a duty on a servicer to provide any borrower with any specific loss mitigation option. Nothing in § 1024.41 should be construed to create a right for a borrower to enforce the terms of any agreement between a servicer and the owner or assignee of a mortgage loan, including with respect to the evaluation for, or offer of, any loss mitigation option or to eliminate any such right that may exist pursuant to**

-6-

**applicable law.**

\* \* \*

**(c) Evaluation of loss mitigation applications.**

**(1) Complete loss mitigation application. Except as provided in paragraph (c)(4)(ii) of this section, if a servicer receives a complete loss mitigation application more than 37 days before a foreclosure sale, then, within 30 days of receiving the complete loss mitigation application, a servicer shall:**

**(i) Evaluate the borrower for all loss mitigation options available to the borrower; and**

**(ii) Provide the borrower with a notice in writing stating the servicer's determination of which loss mitigation options, if any, it will offer to the borrower on behalf of the owner or assignee of the mortgage. The servicer shall include in this notice the amount of time the borrower has to accept or reject an offer of a loss mitigation program as provided for in paragraph (e) of this section, if applicable, and a notification, if applicable, that the borrower has the right to appeal the denial of any loan modification option as well as the amount of time the borrower has to file such an appeal and any requirements for making an appeal, as provided for in paragraph (h) of this section.**

\* \* \*

**(g) Prohibition on foreclosure sale. If a borrower submits a complete loss mitigation application after a servicer has made the first notice or filing required by applicable law for any judicial or non-judicial foreclosure process but more than 37 days before a foreclosure sale, a servicer shall not move for foreclosure judgment or order of sale, or conduct a foreclosure sale, unless:**

**(1) The servicer has sent the borrower a notice pursuant to paragraph (c)(1)(ii) of this section that the borrower is not eligible for any loss mitigation option and the appeal process in paragraph (h) of this section is not applicable, the borrower has not requested an appeal within the applicable time period for**

**requesting an appeal, or the borrower's appeal has been denied;**

**(2) The borrower rejects all loss mitigation options offered by the servicer; or**

**(3) The borrower fails to perform under an agreement on a loss mitigation option.**

12 C.F.R. 1024.41. Thus, while 12 C.F.R. § 1024.41 "establishes obligations for how a mortgage-loan servicer must handle a borrower's loss-mitigation application," a "loan servicer's obligations * * * are triggered *only* when the servicer receives from a borrower a 'complete loss mitigation application * * *.'" (Emphasis added.) *Urdaneta v. Wells Fargo Bank N.A.*, --- Fed.Appx. ---, 2018 WL 2234538, *3 (11th Cir.2018), quoting 12 C.F.R. § 1024.41(c)(1).

*Legal Analysis*

**{¶12}** In this case, Ditech's complaint generally averred compliance with the applicable conditions precedent in compliance with Civ.R. 9(C). Doc. 2. In their answer to Ditech's complaint, the Akers listed several affirmative defenses. Doc. 29. One of the listed affirmative defenses was a claim that Ditech had not complied with the requirements of 12 C.F.R. § 1024.41. Ditech then submitted a motion for summary judgment that we find, after our review of the materials in the record, to be properly supported according to the requirements of Civ.R. 56. Thus, the burden shifted to the Akers to "rebut [the motion for summary judgment] with specific facts showing the existence of a genuine triable issue." *Minster Farmers Co-Op. Exch. Co., Inc. v. Meyer*, 3rd Dist. No. 17-08-31, 2009 Ohio 1445, ¶ 21-22.

**{¶13}** The Akers, however, did not submit any evidence or identify any portions of the record that would satisfy the requirements of Civ.R. 56. In fact, the Akers never submitted a response to Ditech's motion for summary judgment.[3] Even if the content of their proposed memorandum were considered as part of this analysis, this proposed memorandum does not identify any facts in the record or supply any evidentiary materials as contemplated by Civ.R. 56. Doc. 59. Rather, in this proposed memorandum, the Akers merely reiterated the allegations raised in their pleadings. Doc. 59. Under 12 C.F.R. § 1024.41, however, the lender's obligations are only triggered after the borrower submits, to the lender, a complete loss mitigation application within the specified timeframe. 12 C.F.R. § 1024.41. *See Urdaneta, supra*, at *3. In failing to respond to Ditech's motion for summary judgment, the Akers did not demonstrate that they had triggered the protections of 12 C.F.R. § 1024.41 by submitting a complete loss mitigation application within the specified timeframe.

**{¶14}** In her brief, Teresa characterizes compliance with 12 C.F.R. § 1024.41 as a condition precedent to the foreclosure proceeding. However, in the answer to Ditech's complaint, the Defense invoked compliance with 12 C.F.R. § 1024.41 as an affirmative defense. We need not, nor do we decide whether 12 C.F.R. § 1024.41

---

[3] The proposed memo that was attached to the Akers' motion requesting an extension of time to file a response to Ditech's motion for summary judgment suggested what arguments the trial court might anticipate in a future response to Ditech's summary judgment in the event that the trial court granted the Akers' requested extension. However, this motion was *not* a response to Ditech's motion for summary judgment and was *not* supported by evidentiary materials as required by Civ.R. 56.

is an affirmative defense or a condition precedent. The answer is irrelevant to the disposition of this case because the Akers did not demonstrate that 12 C.F.R. § 1024.41 applies in this situation. If their answer was correct that 12 C.F.R. § 1024.41 can function as an affirmative defense, the Akers did not comply with Civ.R. 56(E): the Akers did not provide or identify evidence in response to Ditech's motion for summary judgment that showed 12 C.F.R. § 1024.41 had been triggered and was applicable to this case. *See Morgan, supra*, at ¶ 21. If Teresa was correct in her brief and 12 C.F.R. § 1024.41 functions as a condition precedent, she did not comply with Civ.R. 9(C): the Akers did not plead with specificity or particularity how Ditech had failed to comply with this alleged condition precedent by demonstrating that 12 C.F.R. § 1024.41 had been triggered and was, therefore, applicable to this case. *See Filippi* at ¶ 12.

**{¶15}** In her brief, Teresa also cites several cases in which compliance with 24 C.F.R. 203.604—a Housing and Urban Development regulation that has been held by several courts to require lenders to make various, reasonable efforts to offer borrowers a face-to-face meeting before foreclosure proceedings are commenced— was held to be a condition precedent to a foreclosure.[4] *See U.S. Bank, N.A. v. Detweiler*, 191 Ohio App.3d 464, 2010-Ohio-6408, 946 N.E.2d 777, ¶ (5th Dist.). *Compare PNC Mtge. v. Garland*, 7th Dist. Mahoning No. 12 MA 222, 2014-Ohio-

---

[4] This specific regulatory provision is the subject of a case currently before the Ohio Supreme Court. *See Wells Fargo Bank, N.A. v. A. Christopher M. Burd f.k.a. Christopher M. Burd et al.*, 2017-0279.

1173, ¶ 51-52.  In contrast to 24 C.F.R. 203.604, the requirements for lenders under 12 C.F.R. § 1024.41 are triggered only after the borrower submits a complete loan modification application within the specified timeframe.  In the case before us, the Akers did not establish that they had taken the affirmative steps that were required to trigger the protections of 12 C.F.R. § 1024.41.  *See Gresham v. Wells Fargo Bank, N.A.*, 642 Fed.Appx. 355, 359 (5th Cir. 2016).  As a consequence, the Akers did not establish that Ditech had duties under 12 C.F.R. § 1024.41 and, therefore, did not establish that a genuine issue of material fact exists for trial.

{¶16} After reviewing the record in a light most favorable to the nonmoving party, we find no evidence in the record that suggests 12 C.F.R. § 1024.41 applies to this case.  *See Talmer Bank & Trust v. Schultz*, 2016-Ohio-2726, 64 N.E.3d 296, ¶ 10-11 (3d Dist.).  Under Civ.R. 56, the Akers could not merely "rest on the mere allegations or denials of his pleadings" *and* prevail against Ditech's properly supported motion for summary judgment.  *Meyer, supra*, at ¶ 21-22.  Rather, the Akers had the burden of establishing that a genuine issue of material fact existed for trial.  *See Todd, supra*, at ¶ 21.  Since the Akers did not respond to Ditech's motion for summary judgment, the Akers did not carry this burden.  *See* Civ.R. 56(E).  For these reasons, Teresa's sole assignment of error is overruled.

*Conclusion*

**{¶17}** Accordingly, for the aforementioned reasons, it is the order of this Court that the Judgment Entry of the Union County Court of Common Pleas is affirmed.

***Judgment Affirmed***

**ZIMMERMAN and PRESTON, J.J., concur.**

**/hls**