[Cite as *Poulain v. McConachie*, 2020-Ohio-2755.]

COURT OF APPEALS
RICHLAND COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | | |
|---|---|---|
| GARY POULAIN, | : | JUDGES: |
| | : | Hon. William B. Hoffman, P.J. |
| Plaintiff - Appellee | : | Hon. Craig R. Baldwin, J. |
| | : | Hon. Earle E. Wise, J. |
| -vs- | : | |
| | : | |
| CRYSTAL MCCONACHIE, | : | |
| | : | |
| Defendant - Appellee | : | |
| and | : | |
| | : | Case No. 2019 CA 0109 |
| CITY OF MANSFIELD, | : | |
| | : | |
| Defendant – Appellant | : | |
| and | : | O P I N I O N |
| | : | |
| NOLAN ALEXANDER GOODMAN, | : | |
| | : | |
| Defendant – Appellant | : | |

CHARACTER OF PROCEEDING:           Appeal from the Richland County
Court of Common Pleas, Case No.
2018 CV 0583

JUDGMENT:           Affirmed

DATE OF JUDGMENT:           April 30, 2020

APPEARANCES:

For Plaintiff-Appellee Gary Poulain           For Defendant-Appellants

MICHAEL L. INSCORE           GARY A. BECK
DANIEL Z. INSCORE           MEL. L. LUTE, JR.
Inscore Law Offices, LLC           Baker, Dublik, Beck
3 North Main Street, Suite 703           Wiley & Mathews
Mansfield, Ohio 44902-1740           400 South Main Street

North Canton, Ohio 44720

For Plaintiff-Appellee Crystal McConachie

BRUCE A. CURRY
LYNNE K. SCHOENLING
Curry, Roby & Mulvey Co., LLC
30 Nrothwoods Boulevard, Suite 300
Columbus, Ohio 43235

*Baldwin, J.*

**{¶1}**  Defendants-appellants City of Mansfield and Nolan Alexander Goodman appeal from the November 8, 2019 Order of the Richland County Court of Common Pleas denying their Motion for Summary Judgment.

## STATEMENT OF THE FACTS AND CASE

**{¶2}**  On August 16, 2017, appellee Crystal McConachie was westbound on Glessner Avenue on her way to work. Appellant Nolan Alexander Goodman, who was working in his capacity as a police officer for the City of Mansfield Police Department, was also westbound and was behind appellee McConachie. As appellee McConachie's vehicle appeared to slow to turn south onto Glessner, appellant Goodman moved left of center to turn left onto Sturges Avenue.  As appellant Goodman came alongside appellee McConachie's vehicle, she also began turning left to go onto Sturges Avenue. In order to avoid colliding with the vehicle, appellant Goodman veered left and his police cruiser went into the parking lot at 195 Sturges Avenue and struck the building at that location, which was owned by appellee Gary Poulain.

**{¶3}**  On August 22, 2018, appellee Gary Poulain filed a property damage complaint against appellee Crystal McConachie, appellant Nolan Alexander Goodman, both in his individual and personal capacities, and appellant City of Mansfield. On September 17, 2018, appellants Goodman and the City of Mansfield filed an answer asserting, in part, immunity under R.C. 2744.01 et seq., as well as a cross-claim against appellee McConachie.   On September 24, 2018, appellee McConachie filed an answer

to the complaint and a cross-claim against appellants. Appellants filed an answer to the cross-claim on September 26, 2018.

{¶4} Thereafter, on March 1, 2019, appellants filed a Motion for Summary Judgment on the complaint and cross-claim on the issue of immunity. Appellee McConachie filed a memorandum in opposition to the Motion for Summary Judgment on April 1, 2019 and appellants filed a reply brief in support of their Motion for Summary Judgment on April 8, 2019. Appellee Poulain, on April 18, 2019, filed a memorandum in opposition to the Motion for Summary Judgment and also on April 18, 2019, appellee McConachie filed a sur-reply.

{¶5} On April 24, 2019, appellants filed a reply to appellee Poulain's memorandum in opposition to summary judgment. Appellee Poulain, on August 15, 2019, filed a Motion for Summary Judgment against appellee McConachie on the issue of liability and she filed a memorandum in opposition to such motion on September 16, 2019.

{¶6} The trial court, as memorialized in an Order filed on November 8, 2019, overruled appellants' March 1, 2019 Motion for Summary Judgment.

{¶7} Appellants now appeal, raising the following assignments of error:

{¶8} "I. THE TRIAL COURT'S DENIAL OF SUMMARY JUDGMENT TO THE CITY OF MANSFIELD CONSTITUTED REVERSIBLE ERROR UNDER OHIO REVISED CODE CHAPTER 2744 *ET. SEQ.*"

{¶9} "II. BECAUSE APPELLANT GOODMAN WAS LAWFULLY DISPATCHED ON AN EMERGENCY RUN, THE COURT ERRED IN DENYING SUMMARY JUDGMENT."

**{¶10}** "III. THE COURT ERRED IN CONSIDERING AND ADOPTING THE AFFIDAVIT OF APPELLEE'S COUNSEL AS THE ONLY EVIDENCE CREATING A QUESTION OF FACT ON THE ISSUE OF WANTON OR WILLFUL CONDUCT."

## I, II

**{¶11}** Appellants, in their first and second assignments of error, argue that the trial court erred in denying their Motion for Summary Judgment on the issue of immunity.[1]

## STANDARD OF REVIEW FOR SUMMARY JUDGMENT

**{¶12}** We review cases involving a grant of summary judgment using a de novo standard of review. *Bonacorsi v. Wheeling & Lake Erie Ry. Co.*, 95 Ohio St.3d 314, 2002-Ohio-2220, 767 N.E.2d 707, at ¶ 24. Summary judgment is appropriately granted when " '(1) [n]o genuine issue as to any material fact remains to be litigated; (2) the moving party is entitled to judgment as a matter of law; and (3) it appears from the evidence that reasonable minds can come to but one conclusion, and viewing such evidence most strongly in favor of the party against whom the motion for summary judgment is made, that conclusion is adverse to that party.' " *Esber Beverage Co. v. Labatt USA Operating Co.*, 138 Ohio St.3d 71, 2013-Ohio-4544, 3 N.E.3d 1173, ¶ 9, citing *M.H. v. Cuyahoga Falls*, 134 Ohio St.3d 65, 2012-Ohio-5336, 979 N.E.2d 1261, ¶ 12, internal citation omitted; Civ.R. 56(C).

---

[1] We note that the denial of immunity to a political subdivision under R.C. Chapter 2744 is a final, appealable order pursuant to R.C. 2744.02(C). *Hubbell v. City of Xenia,* 115 Ohio St.3d 77, syllabus, 2007-Ohio-4839, 873 N.E.2d 878.

**{¶13}** A trial court should not enter a summary judgment if it appears a material fact is genuinely disputed, nor if, construing the allegations most favorably towards the non-moving party, reasonable minds could draw different conclusions from the undisputed facts. *Hounshell v. Am. States Ins. Co.*, 67 Ohio St.2d 427, 433, 424 N.E.2d 311 (1981). The court may not resolve any ambiguities in the evidence presented. *Inland Refuse Transfer Co. v. Browning–Ferris Inds. of Ohio, Inc.*, 15 Ohio St.3d 321, 323, 474 N.E.2d 271 (1984). A fact is material if it affects the outcome of the case under the applicable substantive law. *Russell v. Interim Personnel, Inc.*, 135 Ohio App.3d 301, 304, 733 N.E.2d 1186 (6th Dist. 1999).

**{¶14}** The party moving for summary judgment bears the initial burden of informing the trial court of the basis of the motion and identifying the portions of the record which demonstrates absence of a genuine issue of fact on a material element of the nonmoving party's claim. *Wentling v. David Motor Coach Ltd.*, 5th Dist. Stark No. 2017CA00190, 2018-Ohio-1618, --N.E.3d--, ¶ 23, citing *Dresher v. Burt*, 75 Ohio St.3d 280, 293, 662 N.E.2d 264 (1996). Once the moving party meets its initial burden, the burden shifts to the non-moving party to set forth specific facts demonstrating a genuine issue of material fact does exist. *Id.* The non-moving party may not rest upon the allegations and denials in the pleadings, but instead must submit some evidentiary materials showing a genuine dispute over material facts. *Downtown Enterprises Co. v. Mullet*, 5th Dist. Holmes No. 17CA016, 2018-Ohio-3228, ¶ 50, citing *Mitseff v. Wheeler*, 38 Ohio St.3d 112, 115, 526 N.E.2d 798 (1988).

**{¶15}** Moreover, as noted by this Court in *Matrix Acquisitions, LLC v. Styler*, 5th Dist. Tuscarawas No. 2010AP040014, 2010-Ohio-5343, 2010 WL 4345754 at ¶ 17:

The moving party cannot discharge its initial burden under Civ.R. 56 simply by making a conclusory assertion that the nonmoving party has no evidence to prove its case. Rather, the moving party must be able to specifically point to some evidence of the type listed in Civ.R. 56(C) which affirmatively demonstrates that the nonmoving party has no evidence to support the nonmoving party's claims. If the moving party fails to satisfy its initial burden, the motion for summary judgment must be denied.

## SOVEREIGN IMMUNITY

{¶16} Appellants assert that they are immune from liability in this case pursuant the Political Subdivision Tort Liability Act, which affords political subdivisions immunity from certain types of actions.

{¶17} Whether a political subdivision is entitled to this statutory immunity is a question of law for a court's determination. *Henney v. Shelby City School Dist.*, 5th Dist. Richland No. 2005 CA 0064, 2006-Ohio-1382, ¶ 28, citing *Conley v. Shearer*, 64 Ohio St.3d 284, 291, 595 N.E.2d 862 (1992).

{¶18} As a general rule, R.C. 2744.02(A)(1) exempts political subdivisions, such as appellant City of Mansfield, from liability for injuries caused by the acts of the political subdivisions or their employees. Specifically, R.C. 2744.02(A)(1) provides that "[e]xcept as provided in division (B) of this section, a political subdivision is not liable in damages in a civil action for injury, death, or loss to person or property allegedly caused by any act or omission of the political subdivision or an employee of the political subdivision in connection with a governmental or proprietary function."

{¶19} Consistent with this exception, R.C. 2744.02(B)(1) states that political subdivisions "are liable for injury, death, or loss to person or property caused by the negligent operation of any motor vehicle by their employees when the employees are engaged within the scope of their employment and authority." However, R.C. 2744.02(B)(1)(a) goes on to grant a full defense to this liability when "[a] member of a municipal corporation police department or any other police agency was operating a motor vehicle while responding to an emergency call and the operation of the vehicle did not constitute willful or wanton misconduct * * *."

{¶20} Appellants contend that appellant Goodman was responding to an "emergency call" when the accident occurred "and, that, therefore, they are entitled to immunity. "Emergency call' means a call to duty, including, but not limited to, communications from citizens, police dispatches, and personal observations by peace officers of inherently dangerous situations that demand an immediate response on the part of a peace officer. The Ohio Supreme Court has further defined the "call to duty" described in the statute, noting "duty" means "obligatory tasks, conduct, service, or functions enjoined by order or usage according to rank, occupation, or profession." *Colbert v. Cleveland,* 99 Ohio St.3d 215, 217, 790 N.E.2d 781 (2003), citing Webster's Third New International Dictionary (1986). The Court concluded a call to duty is a situation in which a response is required by the officer's professional obligation. *Id.*

{¶21} Appellants argue that appellant Goodman was on an emergency call and that, therefore, appellants are entitled to immunity. Appellant Goodman, in his affidavit, stated, in relevant part, as follows:

1. On the morning of August 16, 2017, at approximately 08:25:20, I was dispatched by Mansfield central dispatch to respond to a suspected pedestrian/vehicle accident wherein a blue minivan allegedly hit a pedestrian in a parking lot at 1480 Lexington Avenue in McDonald's parking lot.

2. At the time of this dispatch, I was operating Unit 3115.

3. As of my acknowledgment of my position as "en route", I was on an "emergency run", responding to a suspected vehicle/pedestrian accident.

4. At the time of my response to the lawful dispatch, I was operating a marked Mansfield Police Department cruiser and was in full uniform as a sworn Mansfield police officer.

5. After activating my lights and siren, I proceeded down Glessner, intending to turn left on Sturges.

{¶22} The unauthenticated call sheet lists him as "en route". However, appellant Goodman, when contacted by dispatch, does not state over the radio that he is "en route"[2]. Dispatch radios out three call numbers, including appellant Goodman's, and he responds with his call number. Dispatch then informs him to start towards McDonald's on Lexington Avenue and appellant Goodman responds that he copies and gives his location at 8:25 as Altamont and Chestnut. When contacted by another unit at 8:29 to see if he is en route to contact the subject, appellant Goodman responds "negative.'"[3]

---

[2] A CD of the Mansfield Police Department Dispatch detailing the call traffic during the incident was included as an exhibit.

[3] Although the documents were not self-authenticating under Evid.R. 902, they were properly authenticated by testimony that they were documents that had been requested

**{¶23}** Moreover, appellee McConachie, in her answers to interrogatories, stated that appellant Goodman was not operating with lights and sirens. In her statement attached to the traffic report, she admitted to seeing lights, but denied hearing sirens. Her witness, David Lee Carna, attested in his sworn statement that he heard appellant Goodman's vehicle start to skid, but that he did not see red lights or hear a siren prior to the vehicle striking the building.

**{¶24}** Furthermore, appellant Goodman, in response to interrogatories, indicated that he was responding from Glessner Avenue travelling westbound. This contradicts the evidence that when he initially radioed into dispatch, he stated that he was at Altamont and Chestnut.

**{¶25}** We find, based on the foregoing, that there is a genuine issue of material fact as to whether appellant Goodman was on an "emergency call" at the time and that, therefore, the trial court did not err in denying appellants' Motion for Summary Judgment.

**{¶26}** Appellants' first and second assignments of error are, therefore, overruled.

III

**{¶27}** Appellant, in his third assignment of error, argues that the trial court erred in adopting the affidavit of appellee's counsel as the only evidence creating a question of fact on the issue of wanton or willful conduct.

**{¶28}** We find, however, that there was other evidence supporting the trial court's conclusion that there was a genuine issue of material fact as to whether or not appellant Goodman's conduct was wanton and reckless. Appellant Goodman approached appellee

---

from and provided by the opposing party during discovery. *Stumpff v. Harris*, 2015-Ohio-1329, 31 N.E.3d 164, ¶ 32 (2d Dist.).

McConachie's vehicle from the rear and, as is stated above, there is a question of fact as to whether or not he activated his lights and sirens. In his affidavit, he never stated that he slowed down as he attempted to turn left onto Sturges Avenue. Nor did appellant Goodman use an air horn. There is a question of fact as to whether appellee McConachie was warned of the presence of the police cruiser. Moreover, as noted by the trial court, if he was turning, there is material question of fact as to whether or not he was traveling too fast to make the turn.

**{¶29}** Based on the foregoing, appellant's third assignment of error is, therefore, overruled.

{¶30}  Accordingly, the judgment of the Richland County Court of Common Pleas is affirmed.

By: Baldwin, J.

Hoffman, P.J. and

Wise, Earle, J. concur.